# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX JIMENEZ TOXTLE and JUAN CARLOS VARGAS HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and YANCHHI YAM,<br><br>Defendants.<br>_____/ | Case No. 1:20-cv-00951-SKO<br><br>ORDER GRANTING WITH LEAVE TO AMEND DEFENDANT YANCHHI YAM'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING AS MOOT PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(Docs. 23 & 24) |

### I.   INTRODUCTION

The matter before the Court is Defendant Yanchhi Yam's Motion for Judgment on the Pleadings (the "Motion").[1]  (Doc. 23.)  On February 17, 2021, Plaintiffs Felix Jimenez Toxtle and Carlos Vargas Hernandez ("Plaintiffs") filed their opposition, and Defendant United States of America filed a notice of non-opposition.  (Docs. 25 & 26.)  Defendant Yam did not file a reply.  The Court reviewed the parties' papers and found the matter suitable for decision without oral argument.  The hearing set for March 3, 2021, was therefore vacated.  (Doc. 27.)

Having considered the briefing, and for the reasons set forth below, Defendant Yam's Motion will be granted with leave to amend.

///

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 21.)

## II. BACKGROUND

On November 7, 2017, Plaintiffs, Deputy United States Marshal ("DUSM") April Aurelia Sanchez, and Yam were involved in a multi-vehicle collision in Visalia, California. (Doc. 1-2.) On October 15, 2019, Plaintiffs filed a complaint against the United States Marshals Service ("USMS"), DUSM Sanchez, and Yam in the Tulare County Superior Court, asserting various claims of negligence arising out of the collision. (Doc. 1-2 ("Compl.").) On July 8, 2020, the United States, USMS, and Sanchez removed this action from state court pursuant to the Federal Tort Claims Act ("FTCA") because DUSM Sanchez was acting within the course and scope of her employment with the USMS at the time of the motor-vehicle collision.[2] (Doc. 1.) The United States has been substituted for the USMS and DUSM Sanchez as the only proper party for the FTCA claim (*see* Doc. 1), and the United States and Yam are the only remaining defendants in the action.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion—whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief." *Torres v. Carescope, LLC*, No. 215CV00198TLNCKD, 2020 WL 6939032, at *1 (E.D. Cal. Nov. 25, 2020) (citing *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a Rule 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is

---

[2] The FTCA is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679(b)(1).

entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010). "[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend and to simply grant dismissal of the action instead of entry of judgment." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

## IV.  DISCUSSION

The complaint alleges separate causes of action for negligence and negligence per se against Defendant Yam.[3] (Compl. at ¶¶ 15–27.) As an initial matter, negligence per se is a theory of liability for a cause of action for negligence, and not a separate cause of action. *See Millard v. Biosources, Inc.*, 68 Cal. Rptr. 3d 177, 188 n.2 (2007) ("the doctrine of negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the standard of care in a cause of action for negligence."). The elements for a negligence cause of action under California law are: "(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *McGarry v. Sax*, 70 Cal. Rptr. 3d 519, 530 (2008) (citation omitted).

Defendant Yam moves for judgment on the pleadings, asserting that the complaint fails to allege any facts relating to Yam that would establish liability under any of Plaintiffs' alleged theories of negligence. (Doc. 23.) The Court agrees. The only facts in the complaint referencing Yam's involvement in the motor vehicle collision are that: DUSM Sanchez ran a red light and "collid[ed] into the vehicle of Defendant YAM, . . . causing Defendant YAM'S vehicle to collide into [Plaintiffs'] vehicle"; DUSM Sanchez "failed to avoid DEFENDANT YAM who was in plain view, thereby causing the SUBJECT COLLISION"; and "[w]hen DEFENDANT SANCHEZ ran the red light . . . , she was unable to avoid Defendant YAM and PLAINTIFF'S vehicle." (Compl. at ¶¶ 2, 17, 23.) Based on the complaint, it appears that Yam's only involvement in the collision was that

---

[3] The complaint also alleges a third cause of action for negligent entrustment "against Defendant BORNT AND SONS, INC. and Does 1 through 50." (Compl. at 8.) This appears to be a typographical error as there is no party by that name in this case. Regardless, no mention of Defendant Yam is made in any of allegations supporting the claim. (*See* Compl. at ¶¶ 28–34.)

his car was struck by DUSM Sanchez's.  There are no facts in the complaint explaining what statute(s) Yam violated, how Yam owed Plaintiffs a duty of care, or what actions Yam took (or did not take) that violated such duty of care and caused damages to Plaintiffs.

Plaintiffs do not deny in their opposition that the complaint does not state a claim for relief against Defendant Yam, and request leave to amend the complaint. (Doc. 25 at 2–4.)  Yam did not file a reply brief in support of his Motion addressing Plaintiffs' request for leave to amend.  "[W]hen a viable case may be pled, a district court should freely grant leave to amend." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).  Plaintiffs filed a separate "Motion for the Modification of the Scheduling Order and for Leave to File First Amended Complaint" (the "Motion to Amend"), requesting leave to file a first amended complaint, on February 16, 2021.  (Doc. 24.)  Attached to the Motion to Amend is a proposed First Amended Complaint ("Exhibit A"), in which Plaintiffs allege that Yam owed them a duty of care to operate his vehicle in a reasonable manner and he breached that duty (and violated California law) when he failed to "pay proper attention" and "yield to the emergency vehicle operated by Defendant SANCHEZ," thus contributing to the car collision. (Doc. 24 at 6, 8.)

Accordingly, as Yam did not oppose Plaintiffs' request to amend, and it appears the deficiencies in the current complaint can be cured by the allegation of additional facts, the Court will grant leave to amend the complaint.  Plaintiffs' Motion to Amend will be otherwise denied as moot, and the hearing on the Motion to Amend scheduled for March 24, 2021, will be vacated.

## V.    CONCLUSION AND ORDER

Based on the foregoing, it is hereby ORDERED that Defendant Yam's Motion for Judgment on the Pleadings (Doc. 23) is GRANTED with LEAVE TO AMEND all claims against Defendant Yam.  By no later than seven (7) days from the date of this order, Plaintiffs SHALL file a first amended complaint.  Plaintiffs' Motion to Amend (Doc. 24) is otherwise DENIED as MOOT, and the hearing set for March 24, 2021, is VACATED.

IT IS SO ORDERED.

Dated:    **March 8, 2021**                            /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

5